UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ELESHA SOTO,<br><br>Plaintiff,<br><br>v.<br><br>GARRETT SAFLEY et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO VACATE ORDER RULE 60 (DOC. NO. 15); TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT CERTIFICATE OF DEFAULT (DOC. NO. 16); AND TO DENY MOTION FOR FAILURE TO COMPLY (DOC. NO. 21).**<br><br>Case No. 2:21-cv-00224-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court[1] is pro se plaintiff Elesha Soto's Motion to Vacate Order Rule 60, ("Mot. to Vacate," Doc. No. 15-1), Motion for Default Judgment [and] Certificate of Default ("Mot. for Default," Doc. No. 16-1), and Motion for Failure to Comply, ("Mot. to Comply," Doc. No. 21). These motions all essentially seek the same relief—an entry of default judgment against Defendants Garrett Safley, Helper City Police, Helper City Emergency 911, Dominion Energy, Helper City Municipal, and Rocky Mountain Power. For the reasons stated below, the undersigned recommends the district judge DENY Ms. Soto's motions.

---

[1] On May 5, 2021, this case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 10.)

1

BACKGROUND

Ms. Soto previously filed two motions for default judgment, (*see* Doc. Nos. 11 and 14), which were terminated because no defendant had been served, meaning the motions were not properly before the court, (*see* Doc. Nos. 13 and 18). Ms. Soto has now filed a motion seeking relief from an order terminating her motion for default judgment, as well as two new motions for default judgment. Ms. Soto is proceeding *in forma pauperis*. (Doc. No. 5).

LEGAL STANDARDS

When a plaintiff proceeds *in forma pauperis*, per local rules,[2] the court processes service of the defendants. *See* DUCivR 3-2(c). However, the court will only order service after it reviews the case pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(b); DUCivR 3-2(c). Once the defendants have been served, obtaining a default judgment "is a two-step process." DUCivR 55-1. First, the clerk of the court must enter a default certificate pursuant to a motion for entry of default. *Id.* The motion for entry of default "must describe with specificity the method by which each allegedly defaulting party was served with process in a manner authorized by Fed. R. Civ. P. 4, and the date of such service." *Id.* If, and only if, a party obtains a certificate of default can the party file a motion for default judgment. *Id.*

ANALYSIS

Ms. Soto's motions for default judgment restate the arguments raised, and rejected, in her prior motions. She argues she is entitled to default judgment because the defendants have not answered her complaint or responded to her motions. (*See, e.g.*, Mot. to Vacate, Doc. No. 15-1 at 3.) However, as explained previously, the defendants have no obligation to respond to the

---

[2] Available at https://www.utd.uscourts.gov/rules-practice.

complaint or any motions before they have been served. And only after Ms. Soto filed her various motions for default judgment did the court order service. (*See* Doc. No. 22.)

To the extent Ms. Soto suggests a certificate of default and a default judgment were previously entered, she is incorrect. (*See* Mot for Default, Doc. No. 16-1 at 1; Mot. to Comply, Doc. No. 21 at 2.) Ms. Soto seems to suggest her motions for entry of default and default judgment, along with her certificates of service[3] to the defendants and their failure to respond, are sufficient to warrant judgment. But no relief has been granted as a result of Ms. Soto's motions. Where the defendants have not yet been served with the complaint and Ms. Soto's motions for entry of default have not been granted, no certificate of default has been entered. *See* DUCivR 55-1.

One of Ms. Soto's motions also references Rule 60 of the Federal Rules of Civil Procedure, and asks that the court's order terminating her request for default be vacated. (*See* Mot. to Vacate, Doc. 15-1 at 1.) Under Rule 60, a party may obtain relief from an order in limited circumstances, such as newly discovered evidence, fraud or misrepresentation, or other reasons justifying relief. *See* Fed. R. Civ. P. 60(b). Ms. Soto offers no grounds for relief under Rule 60. Instead, it appears Ms. Soto may be objecting to a magistrate judge entering orders in her case despite the fact that she did not consent to proceed before a magistrate judge under 28 U.S.C. § 636(c). However, where this case was referred to a magistrate judge under 28 U.S.C. § 636(b), the undersigned is authorized "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the

---

[3] Ms. Soto does not offer proof that she independently served the complaint on defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. While Ms. Soto provides certificates of service for her motions for default judgment, (*see, e.g.*, Doc. No. 11), this is different than proof of service of the complaint under Rule 4.

disposition." 28 U.S.C. § 636(b)(1)(B).  A referral to a magistrate judge under § 636(b) is appropriate even where the parties do not consent.

For these reasons, the undersigned recommends the district judge deny Ms. Soto's motions.  If, after the defendants have been properly served, the defendants fail to timely respond to the complaint, Ms. Soto may file a new motion for entry of default.

## RECOMMENDATION

Where Ms. Soto failed to establish she is entitled to relief pursuant to Rule 60 of the Federal Rules of Civil Procedure and failed to establish she is entitled to an entry of default or default judgment, the undersigned RECOMMENDS the district judge deny her motions.

The court will send this Report and Recommendation to Ms. Soto, who is notified of her right to object to it.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Ms. Soto must file any objection to this Report and Recommendation within fourteen (14) days of service.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of November, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge