UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ELESHA SOTO,<br><br>      Plaintiff,<br><br>v.<br><br>GARRETT SAFLEY et al.,<br><br>      Defendants. | **REPORT AND RECOMMENDATION TO DENY APPLICATION FOR WRIT OF EXECUTION (DOC. NO. 19)**<br><br>Case No. 2:21-cv-00224-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se plaintiff Elesha Soto's Application for Writ of Execution.[1] (Doc. No. 19.)  Ms. Soto alleges the court entered a judgment in this action requiring payment of thirteen million dollars and that the entire thirteen million dollars remains due.  (*Id.* at 1.)  Ms. Soto seeks to seize property of Defendants to satisfy the judgment. (*Id.*)

To obtain a writ of execution, the party must have "obtain[ed] a judgment or order for possession." Fed. R. Civ. P. 70(d).  In other words, either a judgment or order of possession is a precondition to a writ of execution.  Ms. Soto's motion fails because Ms. Soto has obtained neither in this case.  As explained in the prior Report and Recommendation, (Doc. No. 23), while Ms. Soto filed several motions for default and default judgment, they were all filed prior to any defendant being served.  On those grounds, the undersigned recommended the district judge deny Ms. Soto's motions for default and default judgment.  (*See* R&R, Doc. No. 23.)  Regardless of whether the district judge adopts that Report and Recommendation, no judgment or order for

---

[1] On May 3, 2021, this case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 10.)  The undersigned is issuing a Report and Recommendation, consistent with the Tenth Circuit's implicit determination that writs of execution are dispositive. *See United States v. Thompson*, 285 F. App'x 522, 524 (10th Cir. 2008) (unpublished).

1

possession has been entered in this case.  Accordingly, the undersigned recommends the district judge deny Ms. Soto's application for a writ of execution.  If a judgment is entered in Ms. Soto's favor, Ms. Soto may then file a new application if necessary.

RECOMMENDATION

Where Ms. Soto has failed to establish she obtained a judgment or order for possession as required for a writ of execution, the undersigned RECOMMENDS the district judge deny her application.  The court will send this Report and Recommendation to Ms. Soto, who is notified of her right to object to it.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Ms. Soto must file any objection to this Report and Recommendation within fourteen (14) days of service.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of December, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge