UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ELESHA SOTO,<br><br>      Plaintiff,<br><br>v.<br><br>GARRETT SAFLEY; HELPER CITY POLICE DEPARTMENT; HELPER CITY DISPATCH 911; DOMINION ENERGY; HELPER CITY MUNICIPAL CORPORATION; and ROCKY MOUNTAIN POWER,<br><br>      Defendants. | **REPORT AND RECOMMENDATION TO (1) GRANT DOMINION ENERGY'S MOTION TO DISMISS (DOC. NO. 49);**<br>**(2) GRANT IN PART AND DENY IN PART HELPER CITY DEFENDANTS' MOTION TO DISMISS (DOC. NO. 46); AND**<br>**(3) DISMISS CLAIMS AGAINST HELPER CITY POLICE DEPARTMENT, HELPER CITY DISPATCH 911, DOMINION ENERGY, HELPER CITY MUNICIPAL CORPORATION, AND ROCKY MOUNTAIN POWER**<br><br>Case No. 2:21-cv-00224<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

      Pro se Plaintiff Elesha Soto filed this action against Garrett Safley, the Helper City Police Department, Helper City Dispatch 911, Dominion Energy, Helper City Municipal Corporation, and Rocky Mountain Power.[1] Because Ms. Soto was granted leave to proceed *in forma pauperis*,[2] the court screened her complaint pursuant to 28 U.S.C. § 1915(e). On September 30, 2021, the court issued an order identifying deficiencies in the complaint and requiring Ms. Soto

---

[1] (*See* Civil Rights Compl., Doc. No. 6.)

[2] (*See* Doc. No. 5.)

to file an amended complaint by October 29, 2021.[3] Ms. Soto did not file an amended complaint; instead, she filed a document which the court construed as a motion for default judgment and denied.[4] Thereafter, the court ordered the United States Marshals to serve the original complaint and summonses on all defendants.[5]

Defendant Dominion Energy has appeared and filed a motion to dismiss for failure to state a claim, lack of jurisdiction, and failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[6] Defendants Garrett Safley, Helper City Police Department, Helper City Dispatch 911, and Helper City Municipal Corporation (collectively, the "Helper City Defendants") have appeared and filed a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the court's prior order to file an amended complaint.[7] Rocky Mountain Power has not appeared, and no proof of service has been filed for this defendant.

Having considered the briefing, and based on a further review of Ms. Soto's complaint under 28 U.S.C. § 1915(e), it is apparent the complaint fails to state a plausible claim for relief

---

[3] (Order to File Am. Compl., Doc. No. 20.)

[4] (*See* Mot. for Failure to Comply, Doc. No. 21; Report & Recommendation, Doc. No. 23 (treating the document as a motion for default judgment and recommending denial); Docket Text Order, Doc. No. 28 (adopting the Report & Recommendation and denying the motion).) This lengthy, muddled filing contained several pages of new allegations regarding "ongoing suffering received from defendants" after the original complaint was filed, (Mot. for Failure to Comply 4–6, Doc. No. 21), and included some attachments to the original complaint, (*id.* at 22–44). But it did not contain any amended version of the allegations or claims from the original complaint, nor did it address the deficiencies identified in the order to amend. Accordingly, the court did not construe this filing as an amended complaint.

[5] (*See* Doc. No. 22.)

[6] (Dominion Mot. to Dismiss, Doc. No. 49.)

[7] (Helper City Defs.' Mot. to Dismiss, Doc. No. 46.)

against any defendant other than Garrett Safley—and further opportunity to amend as to these defendants would be futile. However, as explained below, the complaint asserts a potentially plausible claim under 42 U.S.C. § 1983 against Garrett Safley, a police officer, based on allegations that Officer Safley tased Ms. Soto during an arrest. Further, Ms. Soto's failure to comply with the prior order to amend does not warrant dismissal of the claim against Officer Safley at this stage. Accordingly, the undersigned RECOMMENDS that the district judge order as follows:

1. GRANT Dominion Energy's motion to dismiss;

2. GRANT in part and DENY in part the Helper City Defendants' motion to dismiss—granting it as to the claims against Helper City Police Department, Helper City Dispatch 911, and Helper City Municipal Corporation, but denying it as to the section 1983 claim against Garrett Safley; and

3. DISMISS Ms. Soto's claims against defendants Dominion Energy, Helper City Police Department, Helper City Dispatch 911, Helper City Municipal Corporation, and Rocky Mountain Power.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[8] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9]

---

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[10] The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[11] But the court need not accept the plaintiff's conclusory allegations as true.[12] "[A] plaintiff must offer specific factual allegations to support each claim."[13]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[14] and further provides that "[e]ach allegation must be simple, concise, and direct."[15] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[16] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[17]

Because Ms. Soto proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[18] Still, a pro se plaintiff must

---

[10] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[11] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[14] Fed. R. Civ. P. 8(a)(2).

[15] Fed. R. Civ. P. 8(d)(1).

[16] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[17] *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[18] *Hall*, 935 F.2d at 1110.

"follow the same rules of procedure that govern other litigants."[19] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[20] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[21] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[22]

The Helper City Defendants seek dismissal with prejudice pursuant to Rule 41(b), which states that "[i]f the plaintiff fails to prosecute or comply with [the federal] rules or a court order, a defendant may move to dismiss the action or any claim against it."[23] When contemplating dismissal with prejudice under this rule, the court must consider the five *Ehrenhaus* factors: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[24]

---

[19] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[20] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[21] *Hall*, 935 F.2d at 1110.

[22] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[23] Fed. R. Civ. P. 41(b).

[24] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted).

## SUMMARY OF MS. SOTO'S COMPLAINT

Ms. Soto's complaint consists of several forms and attachments. The first document is a form entitled "Complaint for Violation of Civil Rights" in which Ms. Soto lists all defendants and indicates she is bringing claims under 42 U.S.C. § 1983 and *Bivens*.[25] Ms. Soto identifies the date and location of the events underlying her claims as "March of 2020" and "Carbon County Helper City Utah."[26] On the section of the form for factual allegations, Ms. Soto wrote "see attachments."[27] Under the heading "Injuries," Ms. Soto wrote "taser gun used by Officer Garrett Safley illegally pulled from his back waist" and "also see attachments."[28] Ms. Soto states she is seeking damages of $13 million.[29]

Ms. Soto simultaneously filed a form entitled "Complaint for a Civil Case Alleging Negligence," listing all defendants.[30] This form indicates the events underlying these claims occurred on June 28, 2020, at a specific address in Helper, Utah, and refers to the attachments.[31] This form also indicates Ms. Soto seeks damages of $13 million.[32] In addition to the civil complaint forms, Ms. Soto filed two forms entitled "Summons in a Criminal Case," and "Criminal Complaint," in which she lists various criminal offenses and refers to her

---

[25] (Civil Rights Compl., Doc. No. 6 at 1–6); *see also Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[26] (*Id.* at 6.)

[27] (*Id.* at 7.)

[28] (*Id.*)

[29] (*Id.*)

[30] (Negligence Compl., Doc. No. 6-1.)

[31] (*Id.* at 5.)

[32] (*Id.*)

6

attachments.[33] And Ms. Soto filed an attachment containing 122 pages of photographs, emails, text messages, court records, and handwritten notes.[34]

Ms. Soto also filed an attachment containing twenty-two pages of narrative allegations.[35] The first few pages describe an incident on June 28, 2020, in which Officer Safley arrested Ms. Soto outside her home.[36] Ms. Soto alleges Officer Safley "order[ed] [her] outdoors to retrieve [her] dog" based on a report that her dogs were out running in the street, even though her dogs were in her home.[37] Ms. Soto alleges "[w]ithin 4–5 minutes," Officer Safley tased her in the back while "[she] had [her] back turned from Officer Safley" and was picking up her four-year-old child.[38] The remainder of her allegations are rambling and difficult to discern, but include allegations that her rights were violated at the jail because her identity was being altered[39]; some of her property was missing from her home upon her return from jail, and her personal cell phone and social media had been utilized while she was in jail[40]; Officer Safley has a history and pattern of misconduct[41]; unidentified public employees, Dominion Energy technicians, and

---

[33] (Summons and Crim. Compl., Doc. No. 6-2 at 1–4.)

[34] (Second Attach., Doc. No. 6-3.)

[35] (First Attach., Doc. No. 6-2 at 5–26.)

[36] (*Id.* at 5–7.)

[37] (*Id.* at 6.)

[38] (*Id.*)

[39] (*Id.* at 9.)

[40] (*Id.* at 10.)

[41] (*Id.* at 11, 14–16.)

Rocky Mountain Power technicians illegally spied on her[42]; various people, including a behavioral health employee, forcibly entered her home without permission[43]; and her insurance claims were denied and she was overcharged for insurance.[44]

Because Ms. Soto's pleadings are liberally construed, and attachments to a complaint may be considered in determining whether it states a plausible claim for relief,[45] all these documents are considered in evaluating the sufficiency of Ms. Soto's complaint.

## ANALYSIS

The court previously ordered Ms. Soto to amend her complaint based on an assessment that the overall complaint failed to meet the pleading requirements of Rule 8 and failed to state plausible claims for relief.[46] Although this assessment continues to be valid with respect to most of Ms. Soto's claims, after reviewing Ms. Soto's aggregate filings and construing them liberally, it is no longer apparent the complaint fails to state a claim for relief against Officer Safley under 42 U.S.C. § 1983.

---

[42] (*Id.* at 13–14.)

[43] (*Id.* at 17.)

[44] (*Id.* at 21–22.)

[45] *See Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." (citation omitted)).

[46] (Order to File Am. Compl., Doc. No. 20.)

### A. Section 1983 Claim Against Officer Safley

To state a claim under section 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[47] The plaintiff must "identify specific actions taken by particular defendants" in violation of the plaintiff's rights.[48]

Ms. Soto's allegations regarding Officer Safley's use of a taser during her arrest implicate a possible claim for excessive force in violation of the Fourth Amendment.[49] "Excessive force claims are governed by the Fourth Amendment's objective reasonableness standard."[50] "Assessing the reasonableness of the force 'requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight.'"[51] The Tenth Circuit has found a police officer's use of a taser without sufficient warning and when a person is not actively resisting arrest violates the Fourth Amendment.[52]

---

[47] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[48] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (emphasis omitted) (internal quotation marks omitted).

[49] *See Emmett v. Armstrong*, 973 F.3d 1127, 1134 (10th Cir. 2020) ("When an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989))); *Smith v. City of Roswell*, No. 15-1004 KG/KRS, 2017 U.S. Dist. LEXIS 80304, at *16 (D.N.M. May 25, 2017) (unpublished) ("The Fourth Amendment is [] the appropriate Amendment to apply when one contends that the government used excessive force in the arrest of a citizen.").

[50] *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (internal quotation marks omitted).

[51] *Emmett*, 973 F.3d at 1135 (quoting *Graham*, 490 U.S. at 396).

[52] *E.g.*, *id.* at 1135–37.

Here, Ms. Soto indicated on the "civil rights" complaint form that she was bringing claims under section 1983, and she identified Officer Safley's use of a taser as a basis for her claims.[53] She provided additional details in the attached narrative statement, alleging Officer Safley approached her about her dog being loose and, only minutes later, tased her in the back while she was picking up her child.[54] Viewing the allegations in the light most favorable to Ms. Soto, the encounter involved a minor crime, there is no information suggesting Ms. Soto posed an immediate threat to the safety of Officer Safley or others, and it is not apparent Ms. Soto was actively resisting or attempting to evade arrest. Thus, Ms. Soto's complaint appears to state a potentially cognizable Fourth Amendment excessive-force claim under section 1983 against Officer Safley.

The Helper City Defendants, including Officer Safley, seek dismissal based on Ms. Soto's failure to comply with the order to amend her complaint, but they do not substantively address the merits of her claims.[55] Where Officer Safley offers no substantive argument regarding the sufficiency of the original complaint, and Ms. Soto's complaint appears to state a cognizable claim under the Fourth Amendment, dismissal of this claim under 28 U.S.C. § 1915(e) is not warranted.[56]

---

[53] (Civil Rights Compl., Doc. No. 6 at 6–7.)

[54] (First Attach., Doc. No. 6-2 at 6.)

[55] (*See* Helper City Defs.' Mot. to Dismiss, Doc. No. 46.) The motion refers in passing to the court's prior finding of deficiencies under Rule 8 and 28 U.S.C. § 1915 but offers no substantive argument on these issues. (*See id.* at 2.)

[56] This recommendation is not intended to preclude Officer Safley from filing a motion to dismiss under Rule 12(b)(6) or on other grounds. The court has not addressed, for example, whether the complaint states a claim sufficient to overcome an assertion of qualified immunity, because no defendant has asserted qualified immunity at this stage.

Likewise, dismissal of this claim under Rule 41(b)—solely for failure to comply with the court's order to amend—is unwarranted. As set forth above, viewing Ms. Soto's filings in aggregate, with a liberal eye, and considering the fact-specific nature of the inquiry, it is no longer apparent the complaint fails to state any plausible claim for relief as to Officer Safley. Therefore, the failure to amend is not fatal to Ms. Soto's ability to proceed with her claim against Officer Safley. Further, it is not apparent Ms. Soto willfully failed to comply with the court's order, where she filed a document containing new allegations within the deadline set by the court.[57] Although this document was ultimately construed as a motion for default judgment rather than an amended complaint, the contents and timing of the filing may indicate an attempt to comply with the order to amend. Finally, Officer Safley has not identified any prejudice resulting from Ms. Soto's failure to amend. Under these circumstances, dismissal of the section 1983 claim against Officer Safley solely for failure to comply with the order to amend is not warranted.

For these reasons, the undersigned recommends the district judge deny the Helper City Defendants' motion to dismiss the complaint insofar as it seeks dismissal of the section 1983 claim against Officer Safley.

### B. Other Claims

Ms. Soto's complaint fails to state any other plausible claim for relief against Officer Safley or the other defendants.

---

[57] (*See* Mot. for Failure to Comply, Doc. No. 21.) The stated amendment deadline of October 29, 2021, was extended to November 1, 2021, by operation of Rule 6. *See* Fed. R. Civ. P. 6(d) (adding three days for service by mail). Ms. Soto filed the document on November 1, 2021. (*See* Doc. No. 21.)

First, Ms. Soto fails to state plausible section 1983 claims against the other defendants because, apart from Officer Safley, she fails to "identify specific actions taken by particular defendants" in violation of her federal rights.[58]  Further, with regard to Helper City Police Department, Helper City Dispatch 911, and Helper City Municipal Corporation, Ms. Soto has not alleged any injury resulting from an official policy or custom, as required for municipal liability under section 1983.[59]  With regard to Dominion Energy and Rocky Mountain Power, Ms. Soto has not alleged facts sufficient to show these defendants are state actors or were "jointly engaged with state officials in the conduct allegedly violating the federal right," as required to state a claim against private parties under section 1983.[60]  Ms. Soto also fails to state a plausible *Bivens* claim because she has not alleged facts sufficient to characterize any defendants as federal actors.[61]

Similarly, Ms. Soto fails to identify the basis for her negligence claim.  It's simply unclear who she is alleging behaved negligently, where, how, and when.  In addition, Ms. Soto brings her negligence claim under a "diversity of citizenship" theory[62]—but fails to allege she is a citizen of a different state or country than the defendants.  She does not address the issue of

---

[58] *Pahls*, 718 F.3d at 1226 (emphasis omitted).

[59] *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) ("'[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.' . . . Instead, 'the government as an entity' may only be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978))).

[60] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

[61] *See Romero v. Peterson*, 930 F.2d 1502, 1506 (10th Cir. 1991) ("To state a *Bivens* action, [a] plaintiff must allege circumstances sufficient to characterize defendants as federal actors.").

[62] (Negligence Compl., Doc. No. 6-1 at 1.)

citizenship at all. Thus, she has failed to establish this court has jurisdiction over her negligence claim.

Finally, to the extent Ms. Soto purports to bring various criminal charges against the defendants, she fails to state a plausible claim for relief. Criminal statutes "cannot be enforced in a private civil action."[63] Therefore, Ms. Soto "lacks standing to assert that a party has violated criminal laws, or to seek criminal prosecution."[64] And Ms. Soto cannot recover civil damages for the defendants' alleged violation of a criminal statute.[65]

For all these reasons, aside from the section 1983 claim against Officer Safley, Ms. Soto's complaint fails to state any other plausible claim for relief. Although the court identified these deficiencies and gave Ms. Soto an opportunity to amend her complaint, Ms. Soto failed to do so. Therefore, further opportunities to amend would be futile, and dismissal is warranted for all claims except the section 1983 claim against Officer Safley.[66]

## RECOMMENDATION

The undersigned RECOMMENDS that the district judge order as follows:

1. GRANT Dominion Energy's motion to dismiss;

---

[63] *Gallacher v. Kisner*, No. 2:08-cv-845-TC-PMW, 2009 U.S. Dist. LEXIS 68000, at *13 (D. Utah June 25, 2009) (unpublished).

[64] *Rojas v. Meinster*, No. 19-cv-01896-LTB-GPG, 2019 U.S. Dist. LEXIS 229829, at *4 (D. Colo. Sept. 10, 2019) (unpublished); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) (finding private individuals cannot compel enforcement of criminal laws).

[65] *See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984).

[66] *See Kay*, 500 F.3d at 1217 ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (citation omitted).)

2. GRANT in part and DENY in part the Helper City Defendants' motion to dismiss—granting the motion as to Helper City Police Department, Helper City Dispatch 911, and Helper City Municipal Corporation, but denying the motion as to the section 1983 claim against Garrett Safley; and

3. DISMISS Ms. Soto's claims against defendants Dominion Energy, Helper City Police Department, Helper City Dispatch 911, Helper City Municipal Corporation, and Rocky Mountain Power.

The court will send this Report and Recommendation to all parties who have appeared, and the parties are notified of their right to object to it. Any objection must be filed within fourteen (14) days of service.[67] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of January, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[67] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).