UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ELESHA SOTO, <br><br> Plaintiff, <br><br> v. <br><br> GARRETT SAFLEY, <br><br> Defendant. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (DOC. NO. 68)** <br><br> Case No. 2:21-cv-00224 <br><br> District Judge Howard C. Nielson, Jr. <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Elesha Soto, proceeding without an attorney, filed this action bringing various claims against Garrett Safley, the Helper City Police Department, Helper City Dispatch 911, Dominion Energy, Helper City Municipal Corporation, and Rocky Mountain Power.[1] The court ultimately dismissed Ms. Soto's claims against all defendants except Officer Safley, finding her allegations against Officer Safley raised a potential claim for excessive force under 42 U.S.C.

---

[1] (*See* Civil Rights Compl., Doc. No. 6.) Because Ms. Soto was granted leave to proceed without paying a filing fee, (*see* Doc. No. 5), her complaint was screened under 28 U.S.C. § 1915(e). After identifying deficiencies in the complaint, the court required Ms. Soto to amend it. (Order to File Am. Compl., Doc. No. 20.) Instead of filing an amended complaint, Ms. Soto filed a document best construed as a motion for default judgment. (*See* Mot. for Failure to Comply, Doc. No. 21; R. & R., Doc. No. 23 (treating the document as a motion for default judgment and recommending denial); Docket Text Order, Doc. No. 28 (adopting R. & R.).) Thus, Ms. Soto's complaint at docket number 6 is the operative complaint.

§ 1983.[2] Officer Safley then filed a motion to dismiss Ms. Soto's complaint for failure to state a claim, asserting qualified immunity and arguing his use of force was justified.[3] Ms. Soto did not file a response.

Officer Safley's motion to dismiss should be granted on two grounds. First, the body camera footage[4] shows Ms. Soto does not have a plausible claim for § 1983 relief.[5] Second, Ms. Soto fails to show Officer Safley's conduct was clearly established as unlawful. Each is discussed below.

## LEGAL STANDARDS

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff, and drawing all reasonable inferences in the plaintiff's favor.[7] But the court need not accept any conclusory allegations as

---

[2] (R. & R. to (1) Grant Dominion Energy's Mot. to Dismiss; (2) Grant in Part and Deny in Part Helper City Defs.' Mot. to Dismiss; and (3) Dismiss Claims Against Helper City Police Dep't, Helper City Dispatch 911, Dominion Energy, Helper City Mun. Corp., and Rocky Mountain Power ("R. & R. to Dismiss Claims"), Doc. No. 60; *see also* Docket Text Order, Doc. No. 63 (adopting R. & R.).)

[3] (Rule 12(b)(6) Mot. to Dismiss ("Mot. to Dismiss"), Doc. No. 68.)

[4] (*See* Ex. A to Mot. to Dismiss, Garrett Safley BWC Part 1 ("Safley Video Part 1"), Doc. No. 70 (nonelectronic exhibit on file with the clerk's office); Ex. B to Mot. to Dismiss, Garrett Safley BWC Part 2 ("Safley Video Part 2"), Doc. No. 70 (nonelectronic exhibit on file with the clerk's office).)

[5] In support of his motion, Officer Safley submitted body camera footage of the incident at issue. As noted below, where Ms. Soto does not challenge the video's authenticity and it blatantly contradicts the record, it is proper to consider at the motion-to-dismiss stage.

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

2

true.[8]  Moreover, if the plaintiff's allegations are "blatantly contradicted by the record," the court will no longer accept them as true.[9]

Because Ms. Soto proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[10]  Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants."[11]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[12]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[13] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## MS. SOTO'S COMPLAINT

Ms. Soto's complaint consists of several forms and attachments.  The first is a form entitled "Complaint for Violation of Civil Rights" in which Ms. Soto listed all defendants and

---

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Est. of Harmon v. Salt Lake City*, No. 20-4085, 2021 U.S. App. LEXIS 39942, at *6 (10th Cir. Nov. 10, 2021) (unpublished) (internal quotation marks omitted) (quoting *Scott v. Harris*, 550 U.S. 372, 360 (2007)).

[10] *Hall*, 935 F.2d at 1110.

[11] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[12] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[13] *Hall*, 935 F.2d at 1110.

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

indicated she is bringing claims under 42 U.S.C. § 1983 and *Bivens*.[15] Ms. Soto identified the date and location of the events underlying her claims as "March of 2020" and "Carbon County Helper City Utah."[16] On the section of the form for factual allegations, Ms. Soto wrote "see attachments."[17] Under the heading "Injuries," Ms. Soto wrote "taser gun used by Officer Garrett Safley illegally pulled from his back waist" and "also see attachments."[18] Ms. Soto stated she is seeking damages of $13 million.[19]

Ms. Soto simultaneously filed a form entitled "Complaint for a Civil Case Alleging Negligence," listing all defendants.[20] On this form, Ms. Soto indicated the events underlying her claims occurred on June 28, 2020, at a specific address in Helper, Utah, and referred to the attachments.[21] Ms. Soto again indicated she seeks damages of $13 million.[22] In addition to these civil complaint forms, Ms. Soto filed two forms entitled "Summons in a Criminal Case," and "Criminal Complaint," in which she listed various criminal offenses and referred to her

---

[15] (Civil Rights Compl., Doc. No. 6 at 1–6); *see also Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[16] (Civil Rights Compl., Doc No. 6 at 6.)

[17] (*Id.* at 7.)

[18] (*Id.*)

[19] (*Id.*)

[20] (Negligence Compl., Doc. No. 6-1.)

[21] (*Id.* at 5.)

[22] (*Id.*)

4

attachments.[23] Ms. Soto also filed an attachment containing 122 pages of photographs, emails, text messages, court records, and handwritten notes.[24]

In addition, Ms. Soto filed an attachment containing twenty-two pages of narrative allegations.[25] The first few pages describe an incident on June 28, 2020, in which Officer Safley arrested Ms. Soto outside her home.[26] Ms. Soto alleges Officer Safley "order[ed] [her] outdoors to retrieve [her] dog" based on a false report that her dogs were out running in the street.[27] Ms. Soto alleges "[w]ithin 4–5 minutes," Officer Safley tased her in the back while she "had [her] back turned from Officer Safley" and was picking up her four-year-old child.[28]

Because Ms. Soto's pleadings are liberally construed, and attachments to a complaint may be considered in determining whether it states a plausible claim for relief,[29] all these documents are considered in evaluating the sufficiency of Ms. Soto's claims.

## ANALYSIS

Ms. Soto's complaint should be dismissed on two grounds. First, the body camera footage of the encounter between Ms. Soto and Officer Safley refutes Ms. Soto's only potential claim because it shows she was actively resisting arrest and attempting to flee. Second, Officer

---

[23] (Summons and Crim. Compl., Doc. No. 6-2 at 1–4.)

[24] (Attach., Doc. No. 6-3.)

[25] (Summons and Crim. Compl., Doc. No. 6-2 at 5–26.)

[26] (*Id.* at 5–7.)

[27] (*Id.* at 6.)

[28] (*Id.*)

[29] *See Smith*, 561 F.3d at 1098 ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." (citation omitted)).

5

Safley asserts qualified immunity, and Ms. Soto has failed to show Officer Safley's conduct was clearly established as unlawful. Each ground for dismissal is discussed below.

I. **The body camera footage refutes any potential § 1983 claim.**

Ms. Soto's complaint fails to state a claim for relief against Officer Safley because the body camera footage he submitted refutes her factual assertions and undermines her sole remaining claim.

As an initial matter, it is appropriate to consider the body camera footage in this context. Where body camera footage is central to the claim, referred to in the complaint, and the parties do not dispute its authenticity, courts may consider it at the motion-to-dismiss stage.[30] In this case, Ms. Soto refers to the body camera footage in her complaint.[31] Given that Ms. Soto brings a claim of excessive force resulting from Officer Safley's use of a taser, the video footage of the incident is unquestionably central to the complaint. Further, neither party questions the authenticity of the video evidence. Accordingly, the video evidence is appropriately considered in assessing the motion to dismiss.

In her complaint, Ms. Soto indicated she was bringing claims under § 1983, and she identified Officer Safley's use of a taser during an arrest as a basis for her claims.[32] Section 1983 does not create a substantive right. Instead, it "provides a recovery mechanism for

---

[30] *See Est. of Harmon*, 2021 U.S. App. LEXIS 39942, at *6 (relying on body camera footage under motion to dismiss standard because a court may "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity") (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019)).

[31] (*See, e.g.*, Summons and Crim. Compl., Doc. No. 6-2 at 6 (arguing Ms. Soto's dogs "were in the home *as seen and heard on the video footage*." (emphasis added)).) As explained above, Ms. Soto's complaint consists of a mix of various attachments and documents.

[32] (Civil Rights Compl., Doc. No. 6 at 6–7.)

deprivation of a federal right."[33] To state a claim under § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[34]

By alleging Officer Safley wrongfully used a taser against her during an arrest, Ms. Soto seems to be raising an excessive force claim.[35] "Excessive force claims are governed by the Fourth Amendment's objective reasonableness standard."[36] "Assessing the reasonableness of the force 'requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight.'"[37] For instance, a police officer's use of a taser without sufficient warning, when a person is not actively resisting arrest or attempting to flee, violates the Fourth Amendment.[38] But police officers do not violate the Fourth Amendment when using a taser on a misdemeanant who is resisting or evading arrest and is warned the taser will be deployed.[39]

---

[33] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[34] *Id.*

[35] *See Emmett v. Armstrong*, 973 F.3d 1127, 1134 (10th Cir. 2020) ("When an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989))); *Smith v. City of Roswell*, No. 15-1004 KG/KRS, 2017 U.S. Dist. LEXIS 80304, at *16 (D.N.M. May 25, 2017) (unpublished) ("[T]he Fourth Amendment is [] the appropriate Amendment to apply when one contends that the government used excessive force in the arrest of a citizen.").

[36] *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (internal quotation marks omitted).

[37] *Emmett*, 973 F.3d at 1135 (quoting *Graham*, 490 U.S. at 396).

[38] *E.g.*, *id.* at 1135–37.

[39] *See Heard v. Dulayev*, 29 F.4th 1195, 1204–05 (10th Cir. 2022).

In an attachment to her complaint, Ms. Soto claimed Officer Safley approached her about her dog being loose outside and, only minutes later, tased her in the back while she was picking up her child.[40] But the video footage of the incident wholly refutes Ms. Soto's allegations, and shows Ms. Soto does not have a plausible § 1983 claim. Ms. Soto physically and verbally resisted and attempted to evade arrest. First, although Ms. Soto alleges Officer Safley lied about her dogs being outside,[41] the video shows a large dog running around outside, approaching Officer Safley, and barking loudly when he opened his car door.[42] Next, the video roundly refutes any argument that Ms. Soto was not resisting or evading arrest:[43] Officer Safley repeatedly asked Ms. Soto to put her hands behind her back, while Ms. Soto responded, "no, I'm not," and "get off of me."[44] After Officer Safley tried to put Ms. Soto's hands behind her back, Ms. Soto pulled free and began to flee.[45] Officer Safley warned Ms. Soto twice that he would

---

[40] (Summons and Crim. Compl., Doc. No. 6-2 at 6.) These allegations were the reason the court found Ms. Soto potentially stated a cognizable § 1983 claim: "Viewing the allegations in the light most favorable to Ms. Soto, the encounter involved a minor crime, there is no information suggesting Ms. Soto posed an immediate threat to the safety of Officer Safley or others, and it is not apparent Ms. Soto was actively resisting or attempting to evade arrest." (*See* R. & R. to Dismiss Claims, Doc. No. 60.)

[41] (Summons and Crim. Compl., Doc. No. 6-2 at 6.)

[42] (See Ex. A to Mot. to Dismiss, Safley Video Part 1 2:57–3:00, Doc. No. 70; Ex. B. to Mot. to Dismiss, Safley Video Part 2 2:23–3:13, Doc. No. 70.)

[43] Although the basis for the arrest is not entirely clear from the video, Officer Safley was responding to a call that Ms. Soto's dog was charging at people. (*See* Mot. to Dismiss 2, Doc. No. 68.) Under Helper City Municipal Code, it is a misdemeanor to allow an animal to be unrestrained off of private property. Helper City Mun. Code § 6.05.110(A).

[44] (Ex. B. to Mot. to Dismiss, Safley Video Part 2 2:22–3:14, Doc. No. 70.)

[45] (*Id.* at 2:47–3:13.)

8

tase her if she did not comply.[46] She still refused to comply and continued to reiterate her "no, I'm not" response.[47] It was only then, as Ms. Soto continued to evade arrest, that Officer Safley tased Ms. Soto.[48] And contrary to Ms. Soto's assertion, she was not holding her child when she was tased.[49] According to the Tenth Circuit, police officers do not violate the Fourth Amendment when, after a warning, they use tasers on misdemeanants who resist or evade arrest, like Ms. Soto did.[50] Because of this clear legal authority and because Ms. Soto's only remaining claim is refuted by the video, Ms. Soto's complaint fails to state a claim for relief against Officer Safley under § 1983.

>   II.    **Ms. Soto has failed to show Officer Safley's conduct was clearly established as unlawful.**

Ms. Soto's failure to overcome Officer Safley's qualified immunity defense is a second independent ground for dismissal. Under the doctrine of qualified immunity, government officials face liability only if they violate "clearly established statutory or constitutional rights of which a reasonable person would have known."[51] When a law enforcement officer raises a qualified immunity claim, "[t]he plaintiff carries the burden of convincing the court that the law was clearly established."[52] Accordingly, in addition to alleging facts showing the official

---

[46] (*Id.* at 2:00–2:05; 2:55–2:59.)

[47] (*See id.*)

[48] (*Id.* at 3:14–3:19.)

[49] (*Id.*)

[50] *See, e.g.*, *Heard*, 29 F.4th 1195 at 1204–05.

[51] *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[52] *Id.*

asserting qualified immunity violated a federal statutory or constitutional right, a plaintiff seeking to overcome a qualified immunity claim must show the unlawfulness of the official's conduct was clearly established.[53]

Ms. Soto has failed to show any of Officer Safley's conduct constituted a clearly established constitutional violation. Under the second prong of the qualified immunity inquiry, a plaintiff must identify a case where an officer acting under similar circumstances was held to have violated the Constitution—here, the Fourth Amendment.[54] Throughout Ms. Soto's extensive filings, she does not make any argument that the unlawfulness of Officer Safley's conduct was clearly established, or identify any case suggesting as much. Ms. Soto did not file a response to Officer Safley's motion to dismiss. The only potentially relevant case Ms. Soto cites appears in her objection to the court's report and recommendation regarding the dismissal of the other defendants.[55] In her objection, Ms. Soto cites *Morris v. Noe*,[56] and includes the phrase "qualified immunity."[57]

Even if Ms. Soto had argued *Morris* clearly establishes Officer Safley's conduct was unlawful (which she did not), *Morris* is off point. In *Morris*, the Tenth Circuit found an officer who lunged toward a cooperative suspect with no warning, threw him to the ground, put his knees into his midsection and back, and handcuffed him—was not entitled to qualified

---

[53] *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The court need not address both prongs of the inquiry if one prong is dispositive. *Heard*, 29 F.4th at 1203.

[54] *Heard*, 29 F.4th at 1203.

[55] (Obj. to R. & R. to Dismiss Claims Against All Defs., Doc. No. 62 at 2.)

[56] 672 F.3d 1185 (10th Cir. 2012).

[57] (Obj. to R. & R. to Dismiss Claims Against All Defs., Doc. No. 62 at 2.)

immunity.[58] The court found that where the plaintiff posed no threat to the safety of the officers or others and he did not resist arrest or flee, his "right to be free from a forceful takedown was clearly established."[59] *Morris* does not help Ms. Soto because the video footage shows Ms. Soto and Officer Safley's encounter was nothing like the one in *Morris*. Quite the opposite: Ms. Soto repeatedly resisted, struggled against, and attempted to evade Officer Safley. And before Officer Safley used his taser, he gave Ms. Soto two direct warnings that he would tase her if she did not comply, after which she continued to resist verbally and physically. Because the key facts showing cooperation by the arrestee in *Morris* are not present here, any argument that *Morris* "clearly establishes" the unlawfulness of Officer Safley's conduct fails.

Because Ms. Soto fails to identify a similar case or argue that any case at all suggests the unlawfulness of Officer Safley's conduct was clearly established, Officer Safley is entitled to qualified immunity, and Ms. Soto's complaint should be dismissed.

## RECOMMENDATION

Ms. Soto's complaint fails to state a claim because Ms. Soto's allegations of excessive force are contradicted by the record and because Ms. Soto fails to overcome Officer Safley's qualified immunity defense. Accordingly, the undersigned RECOMMENDS that the district judge grant Officer Safley's motion to dismiss.[60]

---

[58] 672 F.3d at 1195–97.

[59] *Id.* at 1198.

[60] Because Ms. Soto has already been ordered to amend her compliant and failed to do so—and because the video evidence refutes any potential § 1983 claim—the undersigned recommends the district judge dismiss the claim rather than again granting leave to amend. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (citation omitted)).

11

Ms. Soto is notified of her opportunity to object to this report and recommendation. Any objection must be filed by February 5, 2024.[61] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of January, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[61] *See* 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(2).